# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | : | |
|---|---|---|
| **The Bank of New York, acting solely in its capacity as trustee for EquiCredit Corporation Trust 2001-2** | : : : | Case No. 1:06-cv-00375 |
| | : | District Judge Hon. Patricia A. Gaughan |
| **Plaintiff** | : : | |
| vs. | : : | |
| | : | **DEFAULT JUDGMENT AND** |
| **Trevis Pinkney, et al.** | : : | **DECREE IN FORECLOSURE** |
| **Defendants.** | : | |

UNITED STATES DISTRICT JUDGE HON. PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff The Bank of New York, acting solely in its capacity as trustee for EquiCredit Corporation Trust 2001-2's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Trevis Pinkney and
    b. Automotive Equipment Co.;

2. The Clerk's Entry of Default was filed herein on March 24, 2006.

    The Court finds that Trevis Pinkney, executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments

G:\Cases - TM\05-9421\renewed proposed order-060928-KW.WPD

on or before the date such payments were due.  The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Trevis Pinkney executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default. The Court notes that all personal obligations of Trevis Pinkney on the Note have been discharged under the United States Bankruptcy Code.  As a result, the Court does not grant personal judgment against Trevis Pinkney.

The mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Maple Heights, County of Cuyahoga and State of Ohio:  And known as being Sublot No. 1678 in Wald & Duffey's Center Highway Allotment as part of Original Bedford Township Lot No. 15, as shown by the recorded plat in Volume 106 of Maps, page 4 of Cuyahoga County Records and being 45.00 feet front on the Westerly side of Auburn Avenue and extending back 125.80 feet on the Northerly line, 125.39 feet on the Southerly line and have a rear line of 40 feet, as appears by said plat.
>
> Parcel Number:  783-07-028
>
> Commonly known as:  5384 Auburn Avenue, Maple Heights, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on October 17, 2000, and recorded as Instrument Number 200010170509 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on January 14, 2004 as Instrument Number 200401140253 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of

redemption of the defendant-titleholder foreclosed.

The Court finds that defendant State of Ohio Bureau of Workers' Compensation disclaims an interest in the subject premises.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff The Bank of New York, acting solely in its capacity as trustee for EquiCredit Corporation Trust 2001-2, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff The Bank of New York, acting solely in its capacity as trustee for

        EquiCredit Corporation Trust 2001-2, the sum of $83,346.46, with interest at the rate of 11 percent per annum from March 1, 2003.

3.     To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4.     The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:**  9/29/06

                                              /s/ Patricia A. Gaughan
                                              JUDGE HON. PATRICIA A. GAUGHAN
                                              UNITED STATES DISTRICT JUDGE